**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TONYA LYNCH,**

          **Plaintiff,**

**-vs-**                                     **Case No.  6:07-cv-2001-Orl-19UAM**

**SEBASTIAN CARDIOLOGY, P.A.,**

          **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion of Defendant to Dismiss and Memorandum of Law (Doc. No. 7, filed Jan. 17, 2008).

On December 19, 2007, Plaintiff Toyna Lynch filed this action against her employer, Sebastian Cardiology, P.A., alleging violations of the Fair Labor Standards Act. (Doc. No. 1, filed Dec. 19, 2007.) The Complaint further alleges that "[t]he venue of this Court over the controversy is proper based upon the claim arising in Sebastian, Brevard County, Florida." (*Id.* at ¶ 3.)

Defendant has filed a motion to dismiss or, in the alternative, transfer, arguing that venue is improper. (Doc. No. 7.) According to Defendant, Sebastian is located in Indian River County, not Brevard County as Plaintiff alleges. (*Id.* at 1-2.) Because Indian River County is within the jurisdiction of the United States District Court for the Southern District of Florida, Defendant argues that venue in this Court is improper. (*Id.*) Plaintiff did not respond to Defendant's motion.[1]

---

[1] Plaintiff has not filed an Memorandum in Opposition to Defendant's Motion as allowed by Local Rule 3.01(b). Failure to oppose a dispositive motion raises an inference that the party does not object to such motion. *See, e.g., Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

Proper venue in a civil action "wherein jurisdiction is not founded solely on diversity of citizenship" exists in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). For purposes of the venue statute, a corporation "resides" in any judicial district where it is subject to personal jurisdiction at the time the action is commenced. *Id.* § 1391(c). If a state has multiple judicial districts, each district is treated as if it were a separate "state" for purposes of assessing whether personal jurisdiction exists over the corporation in that district. *Id.* When a case is filed in a district without proper venue, 28 U.S.C. section 1406(a) instructs the court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The parties agree that the claim arose in Sabastian, Florida, which is located in Indian River County. (Doc. No. 1 at ¶ 3; Doc. No. 7 at ¶ 7.) 28 U.S.C. section 89(c) places Indian River County within the jurisdiction of the United States District Court for the Southern District of Florida.

Furthermore, there is no evidence in the record that Defendant has sufficient contacts with the Middle District of Florida to subject it to personal jurisdiction here, and Plaintiff does not oppose Defendant's motion. Accordingly, the Court finds that transfer is appropriate pursuant to 28 U.S.C. section 1406(a).

## Conclusion

The Court **GRANTS** in part and **DENIES** in part the Motion of Defendant to Dismiss and Memorandum of Law (Doc. No. 7, filed Jan. 17, 2008). The Clerk is directed to transfer this case

to the United States District Court for the Southern District of Florida and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 13, 2008.

                                                                           PATRICIA C. FAWSETT, CHIEF JUDGE
                                                                           UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record